805 So.2d 623 (2002)
Ronald ESTELLE, Appellant,
v.
Lynda Carol ROBINSON, Appellee.
No. 2000-CP-01369-COA.
Court of Appeals of Mississippi.
January 22, 2002.
*624 Ronald Estelle, Pro Se.
Lynda Carol Robinson, Jackson, Johnnie E. Walls, Jr., Walls & Irving, P.A., Greenville, Attorneys for Appellee.
Before SOUTHWICK, P.J., IRVING, and MYERS, JJ.
IRVING, J., for the Court:
¶ 1. This appeal emanates from a judgment in the Circuit Court of the First Judicial District of Hinds County denying Ronald Estelle's motion for a writ of garnishment against Lynda Carol Robinson. Seeking review of the propriety of that denial, Estelle, in this Court, submits two issues which we quote verbatim:
1. The Circuit Court abused its authority by illegally intervening and issuing an order dismissing petitioner's application to the circuit clerk for issuance of fieri facias writ and the initiation of garnishment proceedings against defendant, after two final orders of a state and federal court.
2. The circuit clerk abandoned her duties as dictated by statute and state law in not accepting petitioner's application for issuance of writ of fieri facias and the initiation of garnishment proceedings against said defendant Lynda Carol Robinson and issuing process directed to the sheriff to execute court ordered judgment.
We find no reversible error; therefore, we affirm the trial court.

FACTS
¶ 2. This is the story of an inmate's pro se protracted struggle to recover the legal fees paid to a lawyer for the provision of legal services which were never rendered. In this quest, the inmate has been both persistent and prolific. His pleadings span six years and five courts, the Circuit Court of the First Judicial District of Hinds County, the United States Bankruptcy Court for the Southern District of Mississippi, the United States District Court for the Southern District of Mississippi, the Mississippi Supreme Court and this Court. The events of this odyssey began on May 17, 1993, when Ronald Estelle hired Lynda Carol Robinson to represent him in postconviction proceedings in Harrison County Circuit Court and in federal habeas corpus proceedings. Robinson failed to initiate proceedings in either venue.
¶ 3. On October 3, 1995, Estelle filed a complaint against Robinson in the Circuit Court of the First Judicial District of Hinds County. In the complaint, Estelle alleged breach of the agreement and sought $3,600 plus $1000 in interest, attorney's fees and costs. A summons was executed on Robinson on February 5, 1996, but Robinson failed to answer the allegations in Estelle's complaint. Consequently, *625 on July 18, 1996, Estelle filed a motion, with supporting affidavit, entitled "Application to Clerk for Entry of Default Judgment." Even though the motion was styled application for entry of default judgment, Estelle only sought an entry of default for Robinson's failure to answer. The clerk entered default on the selfsame day.
¶ 4. On July 29, 1996, Estelle made an application to the trial court for default judgment. Before the court ruled on this application for default judgment, Robinson, on November 20, 1996, filed a Chapter 13 bankruptcy which was later converted to a Chapter 7 bankruptcy. On April 10, 1997, the trial court entered a default judgment against Robinson but did not specify the amount of the judgment. On June 25, 1997, Estelle filed a motion for enforcement of the April 10, 1997 judgment; on July 2, 1997, the trial court entered an order denying Estelle's motion on the basis that the relief requested was beyond the court's authority to grant.
¶ 5. At some undetermined date, Estelle received notice of Robinson's discharge in bankruptcy, and, on August 1, 1997, filed a motion to amend or vacate the order of the bankruptcy court discharging Robinson's debts. In the motion, Estelle alleged that he never received notice of the bankruptcy. The bankruptcy court treated the motion as the initiation of an adversarial proceeding. On April 17, 1998, Estelle filed a complaint seeking an order declaring that the debt represented by the default judgment was nondischargeable. On August 11, Robinson, represented by counsel, submitted an order confessing the debt and its nondischargaeble status. On the same date, the bankruptcy court signed the order as presented, and the order was entered by the clerk of the bankruptcy court on August 12, 1998. The order did not specify the amount of the debt. On February 12, 1999, Estelle filed a motion to alter or amend the August 12, 1998 order to fix the amount of the nondischargeable debt at $4,600. On July 2, 1999, the bankruptcy court amended the order to state that Robinson owed Estelle $3,600 plus legal interest and costs from August 12, 1998, and that the debt was nondischargeable.
¶ 6. On July 5, 2000, Estelle filed a pleading entitled "Complaint and/or Application to Clerk for Fieri Facias and Garnishment on a Judgment or Decree." In this pleading, Estelle sought, among other things, to execute on the judgment entered by the bankruptcy court on July 2, 1999. On July 18, 2000, the trial court entered an order denying Estelle's motion for writ of garnishment. Apparently, the trial court's order was in response to Estelle's "Complaint and/or Application to Clerk for Fieri Facias and Garnishment on a Judgment or Decree."
¶ 7. On August 11, 2000, Estelle filed his notice of appeal. On March 19, 2001, Estelle filed, in the supreme court, a pleading which he denoted as "Motion for Summary Judgment." In the pleading he sought an order overruling the trial court's July 18, 2000 order which denied the writ of garnishment. By order of then Justice Michael P. Mills, the motion was ordered passed to be considered on the merits of this appeal. On June 11, 2001, Estelle filed a "Petition for Writ of Mandamus" with this Court seeking an order vacating the trial court's July 18, 2000 order and compelling the clerk of the trial court to issue a writ of fieri facias and initiate garnishment proceedings against Robinson. We deferred consideration of the petition, to abide resolution of this appeal.
¶ 8. Robinson did not file an appellate brief.

*626 ANALYSIS OF THE ISSUES AND RESOLUTION
¶ 9. As noted already, Robinson did not file a brief in this appeal. "We treat the failure to file a brief as a confession of error unless from the face of the appeal there manifestly is none." In the Interest of R. T., 520 So.2d 136, 138 (Miss.1988). Thus, our task is to determine if we can say unequivocally that no error appears in the record.
¶ 10. Estelle argues that the circuit court illegally intervened by entering an order on July 18, 2000, dismissing his application to the clerk of the court for a writ of fieri facias and initiation of garnishment proceeding. Estelle also contends that he has a statutory right to collect on a legal judgment. Further, Estelle asserts that he has been unsuccessful in his collection efforts due to the circuit clerk's abandonment of her duties by not directing the sheriff to execute and enforce Estelle's judgment against Robinson after final order of the bankruptcy court.
¶ 11. Although Estelle was granted a default judgment against Robinson on April 10, 1997, by the trial court, the judgment could not be enforced because Robinson was in bankruptcy at that time, and there is nothing in the record to suggest that Estelle had obtained relief of the debt from the automatic stay provision of the bankruptcy code (11 U.S.C. § 362(a)). When Robinson filed a Chapter 13 bankruptcy on November 20, 1996, an automatic stay immediately became effective. Overbey v. Murray, 569 So.2d 303, 306 (Miss.1990) (construing 11 U.S.C. § 362(a)). Generally, a default judgment rendered in violation of an automatic stay is void. Id. at 307. The judgment remains unenforceable until the stay is lifted. 11 U.S.C. § 362(c), (d) (1994). Therefore, on July 2, 1997, the trial court was correct in its ruling that the enforcement relief requested was beyond the court's authority to grant. At that time, Estelle had the option of requesting that the stay be lifted. Trustmark Nat'l Bank v. Pike County Nat'l Bank, 716 So.2d 618(¶ 34) (Miss. 1998) (construingll U.S.C. § 362 (1994)). However, Estelle makes no contention that he attempted to obtain relief from the automatic stay. Therefore, we find no error in the trial court's refusal to allow enforcement of the default judgment.
¶ 12. The judgment of the bankruptcy court is another matter. After Estelle obtained the judgment in the bankruptcy court, he could have enrolled it on the judgment roll of the First Judicial District of Hinds County or on the roll of any county in which Robinson owns property. Until then, the judgment rendered in the bankruptcy court "shall not be a lien upon or bind" Robinson's property. Miss. Code Ann. § 11-7-195 & 197 (1972). We find in the record, among the numerous documents filed by Estelle, what appears to be a copy of the judgment rendered by the bankruptcy court on July 2, 1999. However, we do not find any evidence that a certified copy of this judgment has been enrolled, pursuant to Mississippi Code Annotated Sections 11-7-195 & 197, in the First Judicial District of Hinds County. Also, we do not find any evidence that a certified copy was ever sent to the Circuit clerk of the First Judicial District of Hinds County with a request that it be enrolled, although there is some evidence that a photocopy of it was included in at least one of the pleadings filed with the clerk. Estelle is certainly free to properly enroll his judgment now and recommence efforts to garnish or execute upon nonexempt property belonging to Robinson. However, for the reasons presented, we find that the trial court did not err in denying the relief requested by Estelle; therefore, we affirm.
*627 ¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.