McMILLIN, C.J.,
for the court.
¶ 1. At issue in this case is the authority of the Circuit Court of Jones County to adjudicate the competing rights of various parties to a garnishment proceeding begun when the clerk of that court issued a writ of garnishment on a judgment ostensibly rendered in the United States District Court for the Southern District of Mississippi. The circuit court ultimately dismissed the garnishment proceeding on two alternative grounds, both of which the court found sufficient, standing alone, to support its decision. These alternative reasons dealt with matters of personal jurisdiction over the garnishee and subject matter jurisdiction and we treat the order of dismissal that is the basis of this appeal as being a dismissal for lack of jurisdiction. While we agree with the circuit court that the case must be decided on matters relating to its jurisdiction, we conclude that the pivotal question of jurisdiction is more fundamental than those offered by the circuit court in support of its ruling. Thus, we find it appropriate to affirm the circuit court’s decision to dismiss though our reasoning for doing so is different.
*649 i.
Facts
¶ 2. This Court has had some difficulty in setting out the facts of this case since certain of the critical factual assertions upon which this case turns do not appear from the evidence but, rather, must be gleaned from a review of the pleadings and an analysis of whether certain facts asserted in the pleadings are, or are not, affirmatively contested by the opposing party. Our statement of the facts is, therefore, more properly seen as a collection of unchallenged assertions.
¶ 3. This case had its beginnings as a personal injury suit brought in the United States District Court for the Southern District of Mississippi by William L. Buckley, Sr., the appellant in this proceeding. In the federal court proceeding, Buckley obtained a judgment against a certain Cliff L. Nuckols in the amount of $1,358,397.84. The judgment remained unsatisfied on November 6, 1995, when Buckley filed a suggestion for garnishment in the Circuit Court of Jones County reciting the fact of his federal court judgment and suggesting that a corporation doing business under the name of Personnel Support Systems, Inc. (hereafter “Personnel”) was indebted to the judgment debtor Nuckols. Buckley requested that a writ of garnishment issue returnable to the Jones County Circuit Court commanding Personnel to answer and make the appropriate disclosures required under Mississippi’s garnishment statutes.
¶ 4. It is apparently conceded by Buckley that, at the time the writ of garnishment was issued, no effort had been made to enroll the federal court judgment on the Jones County judgment roll. Neither does it appear from the record as to why the Jones County Circuit Clerk was selected by Buckley to issue the writ of garnishment. No allegation appears anywhere in the record before us that Buckley resides in that county or that Personnel has any property in that county or has ever done business there. No allegation is made as to the state of domicile of Personnel. Additionally, insofar as the record now before us reveals, no effort has been made by Buckley to belatedly enroll this judgment (although, for reasons that will appear elsewhere in this opinion, we do not conclude that a supplementation of the record to show that such untimely action may have been taken would alter the result we reach in this case).
¶ 5. Buckley somehow prevailed upon the Jones County Circuit Clerk to issue the writ of garnishment and sought the assistance of a process server, Mitchell Blakeney, to serve the writ by certified mail, return receipt requested, sent to “Personnel Support Systems, Inc., 810 Matson Place, Suite 1006, Cincinnati, Ohio 45204-1446.” According to a certified mail receipt filed in this cause on October 20, 1995, that mailing was received by an individual identified only as “W. McDonald.” There is no indication in the record as to who that individual was or what relationship, if any, he may have had to Personnel. On November 5, 1995, Blakeney, as process server, executed a return verifying that he had caused the documents to be mailed to Personnel and that the green receipt card was “signed by Defendant.” Blakeney’s return contains no allegation that he was personally acquainted with W. McDonald or knew, of his own knowledge, that McDonald was a representative of Personnel authorized to accept service on its behalf. Nevertheless, on the strength of Blakeney’s return and Personnel’s subsequent failure to answer the writ, the Circuit Court of Jones County entered a judgment against Personnel in the amount of $1,362,644.28.
*650 ¶ 6. After Buckley commenced subsequent proceedings in Jones County Circuit Court in an attempt to satisfy his newly-obtained judgment against Personnel, that corporation belatedly filed a motion to set aside the judgment rendered against it. Personnel attacked the validity of the judgment on numerous grounds, including the insufficiency of the service of process and Mississippi’s lack of in personam jurisdiction over the corporation. The circuit court ultimately granted Personnel’s motion and dismissed the garnishment proceeding with prejudice. The circuit court concluded that there were at least two legally sufficient grounds to so rule.
¶ 7. First, the court found that there was no evidence demonstrating that “W. McDonald” was a representative of Personnel authorized to receive service in its behalf under Mississippi Rule of Civil Procedure 4(d)(4). Secondly, the court found that Buckley’s failure to have the judgment enrolled on the Jones County judgment roll prior to seeking the issuance of the writ rendered the subsequent judgment based on the unanswered writ of garnishment void as a matter of law. The court finally offered the view that, in all likelihood, the assertion of lack of in personam jurisdiction over Personnel was an additional valid basis to set the judgment aside, but found it unnecessary to reach a definite answer on that issue for the reason that the two earlier grounds offered were sufficient grounds to support the result.
¶ 8. It is from that judgment that Buckley has perfected this appeal. Buckley’s contention is that Personnel, by various pleadings filed in this cause, had entered a general appearance that rendered moot any question concerning the legitimacy of the original service of process. As to the second ground, Buckley contends that the enrollment of the judgment on the judgment rolls of the county is a purely ministerial act, and that the failure to accomplish such an act may be cured at any time and, thus, also subject to waiver if not raised in a timely manner.
II.
Discussion
¶ 9. We conclude, on the facts of this case, that the circuit court lacked any authority to entertain this enforcement action of a judgment rendered in federal district court. The essential failing in this case appears, in our view, to arise from Buckley’s confusion of two different, though perhaps related, procedures by which a judgment may be given some effect in a particular county when the judgment was not rendered by the circuit court of that county.
¶ 10. The first procedure — the one that Buckley argues is applicable in this case— permits the holder of a judgment obtained “in any court of the United States held within this state” to cause an abstract of the judgment to be filed in the office of the circuit clerk of any county in the state. Miss.Code Ann. § 11-7-197 (1972). The circuit clerk upon the filing of the abstract, is obligated to enroll the judgment on the judgment roll of the county, after which the judgment will “be a lien upon and bind the property of the defendant within the county where it shall be so enrolled.” Miss.Code Ann. § 11-7-195 (1972) (emphasis supplied).
¶ 11. The issue then becomes what authority over the collection of such a judgment is vested in the circuit court of the county once the clerk has so enrolled the judgment. It does not seem that any such authority exists. By virtue of the recording of an abstract of a judgment, the clerk is given certain authority but the circuit court of the county itself does not play an *651 active role in the process. Other than creating a lien on any property of the defendant in the county where the judgment is enrolled, the only other enforcement advantage given a judgment creditor is found in Section 13-8-155 of the Mississippi Code, which states that
[ t]he clerk of the circuit court in whose office any judgment or decree shall be enrolled, may issue execution and writs of garnishment thereon directed to the sheriff of his county, returnable before the court which rendered the judgment or decree.
Miss.Code Ann. § 13-3-155 (Rev.2002) (emphasis supplied). It is clear that this statute contemplates an action involving property or an indebtedness believed to be within the limits of the county in which the judgment is enrolled. In the case before us, there is no contention that the alleged indebtedness of the garnishee, Personnel, to Nuckols, the judgment debtor, arose in Jones County or that there existed any nexus whatsoever between the circumstances of the indebtedness and Jones County. More fundamentally, however, even could such a nexus be shown, it is plain that the statute, while imposing certain duties upon the Circuit Clerk of Jones County once a judgment is enrolled, does not grant to the Circuit Court of Jones County any authority in the handling of an execution or garnishment issued by the clerk under the authority of Section 13-3-155. To the contrary, the plain language of the statute requires the circuit clerk to make any writs so issued returnable to the court that rendered the judgment. Thus, for example, if (a) a judgment were obtained in Union County Circuit Court, (b) subsequently enrolled in Tippah County, and (c) the Tippah County Circuit Clerk was asked to issue a writ of garnishment against the judgment debtor’s employer in that county, the statute would require the writ to be returnable, not to the Tippah County Circuit Court, but to the Union County Circuit Court. It would, therefore, be the Union County Circuit Court that would entertain any subsequent challenges or contests relating to the enforcement of the writ. Likewise, in this case — even assuming that Buckley had properly enrolled an abstract of his judgment with the Circuit Clerk of Jones County under Section 11-7-197 or that such an undertaking could be the subject of waiver if not timely raised — the extent of that clerk’s authority on a judgment so enrolled was to issue process returnable to the United States District Court for the Southern District of Mississippi — which was the court “which rendered the judgment-” Miss.Code Ann. § 13-3-155 (Rev.2002).
¶ 12. Thus, the fundamental flaw in the procedure employed by Buckley, assuming that his failure to enroll an abstract of his judgment in advance of seeking the issuance of a writ of garnishment was a correctable procedural problem, was his attempt to make the writ returnable to a court other than the court rendering the judgment he sought to enforce.
¶ 13. By our decision that the writ in this case was returnable to the wrong court, thereby depriving the Circuit Court of Jones County of any authority to adjudicate the competing rights of the parties under the writ, we- leave unanswered the question of what authority the circuit clerk in such circumstance has to issue writs or executions against property or rights having no demonstrated nexus to the county. We need not reach that question in order to determine that this case must be affirmed. In fact, it would seem improper to offer any view on the issue since such a question, had the writ been properly issued, would have been the subject of litigation in the court where the judgment was rendered. Our jurisdiction on appeal ex *652 tends no further than that of the court from which the appeal was taken. Ray v. State, 798 So.2d 579, 582 (¶ 10) (Miss.Ct.App.2001); see Leverett v. State, 197 So.2d 889, 890 (Miss.1967); Collins v. State, 173 Miss. 179, 159 So. 865 (1935). The Circuit Court of Jones County lacked jurisdiction to adjudicate the issue and we have no greater right than that court to offer an opinion on the subject.
¶ 14. We observe, in closing, that there was a second procedure open to Buckley were he intent on seeking to enforce his judgment in a court other than the court which actually rendered the judgment. In 1984, the. Mississippi Legislature adopted the Uniform Enforcement of Foreign Judgments Act. Miss.Code Ann. §§ 11-7-301 to -309 (Supp.2002). This statutory scheme, which envisions enforcement action by the circuit courts of this state of “foreign judgments” defines a foreign judgment as “any judgment, decree or order of a court of the United States or of any other court which is entitled to full faith and credit in this state.” Miss.Code Ann. § 11-7-301 (Supp.2002) (emphasis supplied). There is no distinction made in the statutory definition between federal court judgments rendered in Mississippi and those that might be rendered by a federal court sitting in another state; therefore, the judgment from the United States District Court for the Southern District of Mississippi would plainly be one eligible for registration and enforcement under the Act. The Montana Supreme Court, in considering this same question under its version of the uniform act, said as follows:
Section 25-9-502, MCA, in the Uniform Act defines a “foreign judgment” to mean “a judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this state.” Where the language of a statute is clear and unambiguous, we look no further than to the plain meaning of the statute for its interpretation. Howell v. State (1994), 263 Mont. 275, 284, 868 P.2d 568, 573. The Uniform, Act clearly applies to federal court judgments registered in state district courts regardless of whether the federal court is located in the same state ■ as the state court.
Robinson v. First Wyoming Bank, N.A., Jackson Hole, 274 Mont. 307, 316, 909 P.2d 689, 694 (Mont.1995) (emphasis supplied).
¶ 15. The statutory scheme of the uniform act, as a prelude to enforceability in a particular circuit court of this state, requires (a) the filing of a copy of the judgment authenticated according to the Acts of Congress, (b) an accompanying affidavit giving the debtor’s last known post office address, (c) mailing of notice of the filing of the judgment by the clerk to the judgment debtor, and (d) a delay of twenty days after filing in which no execution or other enforcement action may be commenced and during which time the debtor may appear and offer proof that an appeal is pending or that enforcement is, or ought to be, otherwise stayed. Miss.Code Ann. §§ 11-7-303 to -307 (Supp.2002).
¶ 16. This statutory procedure, with its built-in safeguards for the judgment debt- or, must be followed before the “clerk shall treat the foreign judgment in the same manner as a judgment of the circuit court-” Miss.Code Ann. § 11-7-303 (Supp.2002). The procedure provides a vehicle by which a judgment creditor may, if the creditor so desires, obtain the issuance of a garnishment or other execution, returnable — not to the court where the judgment was obtained as required by Section 13-3-155 — but to the circuit court of the county where the foreign judgment has been filed. The detailed prerequisites of the statute, however, are necessary *653 forerunners of the court’s authority and not mere ministerial acts that may be accomplished after-the-fact or become the subject of waiver.
¶ 17. In this case, the most authority even arguably afforded to the Circuit Clerk of Jones County, was to issue a garnishment returnable to the court in which the judgment was obtained, i.e., the federal district court. Even that authority appears, at best, highly doubtful in view of the comments this Court made at the conclusion of our decision in Estelle v. Robinson concerning efforts in the circuit court to collect an unenrolled bankruptcy court judgment. Estelle v. Robinson, 805 So.2d 628, 626 (¶ 12) (Miss.Ct.App.2002). The clerk, in the case before us, issued the writ returnable to the Circuit Court of Jones County, an act not authorized by statute until the requirements of the previously-cited uniform act were met. The writ, therefore, conferred no authority on the Circuit Court of Jones County to entertain any proceedings to determine matters relating to the writ. The Jones County Circuit Court ultimately dismissed the writ based on certain perceived failures in the method of process employed to summons Personnel, the garnishee, and on Buckley’s failure to have the judgment enrolled under Section 11-7-197. We have determined that the court was without jurisdiction to proceed because of fundamental errors that would have remained even if a judgment abstract had been enrolled under Section 11-7-197 and the writ properly served on an authorized agent of Personnel. However, it is a long-standing practice of appellate courts to affirm the action of the lower court when the appellate court determines that the right result has been reached, even though for the wrong reason. Tedford v. Dempsey, 437 So.2d 410, 418 (Miss.1983). It is on that basis that we affirm the action of the trial court in dismissing the writ on jurisdictional considerations, even though we differ as to the particular reasoning that compels the result we reach today.
¶ 18. THE ORDER OF DISMISSAL OF WRIT OF GARNISHMENT OF THE JONES COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.