United States Court of Appeals
Fifth Circuit

**F I L E D**

September 8, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10743

_____

In The Matter Of:   COHO RESOURCES , INC.
                    Re-Organized Debtor

----------------------------

MARION C. CHAPMAN,

                                                    Appellee,

                            versus

BITUMINOUS INSURANCE COMPANY;
CHUBB INSURANCE COMPANY OF CANADA

                                                    Appellants.

_____

Appeals from the United States District Court
for the Northern District of Texas

_____

Before WIENER and CLEMENT, Circuit Judges, and LITTLE[*], District

Judge.

WIENER, Circuit Judge:

Defendants-Appellants Chubb Insurance Company of Canada

("Chubb") and Bituminous Casualty Company "("Bituminous") appeal

the district court's order granting Plaintiff-Appellee Marion

Chapman's ("Chapman") motion for authority to execute a state court

judgment against Chubb and Bituminous, respectively the insurer and

_____

[*] District Judge for the Western District of Louisiana,
sitting by designation.

indemnitor of discharged bankruptcy debtor Coho Resources, Inc. We affirm in part, vacate in part, and remand for transfer to the Southern District of Mississippi, from whence it came.

## I. FACTS AND PROCEEDINGS

Seldom, on appeal, do we confront cases with odysseys as circuitous and tortured as this one. This bankruptcy appeal stems from a personal injury suit originally filed and tried in state court in Jones County, Mississippi. In that suit, Chapman alleged that in August 1995, he sustained permanent injuries when he fell approximately twenty feet from a platform while working on an oil well owned by Coho Resources. At the time of the accident, Chapman was employed by V.A. Sauls, Inc. ("Sauls"), which had contracted with Coho to perform repair and service work on Coho's wells. The Sauls-Coho contract included an indemnity agreement, under which Sauls agreed to "defend, indemnify, and hold [Coho] harmless from and against all claims, losses, costs, demands, damages . . . and causes of action . . . without limit and without regard to the cause . . . which are related in any way to the subject matter of" the parties' agreement. Pursuant to this provision, Sauls's general liability insurer, Bituminous, assumed the defense of Coho as the defendant in Chapman's suit.

Chapman's case was tried before a jury in May 1999. The jury returned a verdict in favor of Chapman and awarded in excess of $1.6 million in damages. A judgment in this amount was entered in

Mississippi Circuit Court on June 8, 1999.  On June 11, 1999, Coho timely filed several post-trial motions, seeking, inter alia, judgment notwithstanding the verdict and remittitur.  On August 23, 1999, while Coho's post-trial motions were pending, Coho filed a voluntary petition for Chapter 11 Bankruptcy protection in the United States Bankruptcy Court for the Northern District of Texas.[1]  Coho filed a "suggestion of bankruptcy" on September 29, 1999, notifying the Mississippi state court of the bankruptcy proceedings and the automatic stay.  Chapman, too was notified of the bankruptcy petition and the deadline for filing claims, but he did not choose to file a proof of claim in those proceedings.

A week later, on October 5, 1999, the Mississippi Circuit Court ruled on Coho's post-trial motions, ordering a remittitur of the damage award to $853,930.00 and denying all other motions.  The court did not acknowledge the bankruptcy proceedings, and it is unclear whether the court received notice of the stay before it issued its post-trial rulings.  Regardless, Chapman accepted the remitted award on October 14, 1999.  Coho appealed the judgment to the Mississippi Supreme Court in November 1999, but did not post a supersedeas bond.

On November 18, 1999, Chapman filed a garnishment action against Chubb and Bituminous in the Circuit Court of Jones County,

---

[1] Coho's Chapter 11 plan of reorganization was eventually confirmed in March 2000.

Mississippi.[2] The state court issued writs of garnishment directed to Chubb and Bituminous in the amount of the remitted jury award.

Chubb and Bituminous successfully removed the garnishment action to the United States District Court for the Southern District of Mississippi, which ordered Chapman to

> petition the United States Bankruptcy Court for the Northern District of Texas for permission to lift its stay, or amend its order, to authorize or permit Plaintiff to collect on the judgment entered against Coho in Plaintiff's underlying state court proceeding or to otherwise proceed in this Court or in state court in that matter, but only to the extent that proceeds of insurance are available to Coho, or to indemnify Coho, from Bituminous [Casualty] Company and/or Chubb Insurance Company of Canada.

In compliance with this court order, Chapman filed a "motion for authority to collect and/or execute on state court judgment" in the Texas bankruptcy court. In his motion, Chapman sought to execute the state judgment against Bituminous and Chubb "to the extent that insurance proceeds are available to Coho and/or to satisfy subject judgment/debt."

Following the completion of briefing and oral argument, the bankruptcy court denied Chapman's motion. The court concluded that "Chapman has no remedy, because he is not a claimant in the Chapter 11 case and is barred from going forward one way or the other,

---

[2] Even though Chubb and Bituminous repeatedly assert that Chapman named Coho in the garnishment action, a stipulation of undisputed facts, signed by attorneys for Chapman, Chubb, and Bituminous, states unequivocally that "[o]n November 18, 1999, [Chapman] commenced garnishment actions against Chubb and Bituminous."

either in the Bankruptcy Court or in a Mississippi court."

Chapman appealed the bankruptcy court's ruling to the district court in Texas. After further briefing and oral argument, the district court affirmed the bankruptcy court's ruling in part, and modified it in part. First, the district court agreed that, because Chapman had failed to file a proof of claim in the bankruptcy proceedings, he was not entitled to recover from Coho, the debtor. The district court concluded further, however, that Chapman could proceed against Coho nominally to recover from third-party insurers such as Chubb, Coho's general liability insurer. The court ruled additionally that, as Bituminous is not Coho's insurer but its indemnitor, and the liability of its indemnitee, Coho, had been "extinguished" by discharge, Bituminous's liability as Coho's indemnitor was likewise "extinguished." Finally, the district court recognized that the Mississippi Circuit Court had issued its ruling on Coho's post-trial motions after the petition for bankruptcy was filed and while the automatic bankruptcy stay was in effect. The district court nevertheless declined to address whether the state court's post-petition rulings and remitted judgment were void, electing to "leave it up to the Mississippi courts to determine which judgment will be enforced." Bituminous and Chubb timely filed notices of appeal.

## II. ANALYSIS

### A.    Standard of Review

5

We review the district court's decision "by applying the same standards of review to the bankruptcy court's findings of fact and conclusions of law as applied by the district court."[3]  Findings of fact are reviewed for clear error and conclusions of law are reviewed <u>de</u> <u>novo</u>.[4]

**B. Chapman's Authority to Proceed Against Third Parties**

Chubb first asserts that Chapman is forever "barred" from proceeding against Coho's insurers because he failed to file a proof of claim in Coho's Chapter 11 proceedings.[5]  Chubb's argument in this regard is based largely on perceived policy considerations. According to Chubb, Chapman's failure to file a proof of claim or otherwise notify the bankruptcy court of its debt "frustrates the very purpose of the Bankruptcy Code" and "prevents an orderly administration of the debtor's estate."

We and other courts have squarely rejected Chubb's argument; it is entirely without merit. 11 U.S.C. § 524(a) "operates as an injunction against actions against a <u>debtor</u> subsequent to a discharge of a debt."[6]  The bankruptcy discharge and § 524

---

[3] <u>Gulf City Seafoods, Inc. v. Ludwig Shrimp Co. (*In re* Gulf City Seafoods, Inc.)</u>, 296 F.3d 363, 367 (5th Cir. 2002) (quotations omitted).

[4] <u>Crowell v. Theodore Bender Accounting, Inc. (*In re* Crowell)</u>, 138 F.3d 1031, 1033 (5th Cir. 1998).

[5] Bituminous raised this argument in the district court, but does not reurge it on appeal.

[6] <u>Owaski v. Jet Florida Sys., Inc. *(In re* Jet Florida Sys., Inc.)</u>, 883 F.2d 970, 972 (11th Cir. 1989)(emphasis added).

injunction serve to "give the <u>debtor</u> a financial fresh start."[7] As a general rule, a creditor must file a proof or notice of claim during bankruptcy proceedings to preserve its claim against the <u>debtor</u>. If a creditor neglects to file such notice, the § 524 injunction "will act to shield the <u>debtor</u>" from the creditor.[8]

The discharge and injunction, however, are expressly designed to protect only the <u>debtor</u>, and do "not affect the liability of any other entity" for the debt.[9] Accordingly, courts are in "near unanimous agreement" that § 524(e) "permits a creditor to bring, and proceed in, an action nominally directed against a discharged debtor for the sole purpose of proving liability on its part as a prerequisite to recovering from its insurer."[10] In <u>Houston v. Edgeworth</u> (*In re* <u>Edgeworth</u>),[11] we endorsed this approach, explaining that "it makes no sense to allow an insurer to escape coverage for injuries caused by its insured merely because the insured receives a bankruptcy discharge" and noting that "[s]uch a result would be fundamentally wrong."[12]

---

[7] <u>Id.</u> (emphasis added).

[8] <u>Id.</u> at 973 (emphasis added).

[9] 11 U.S.C. § 524(e).

[10] *In re* <u>Jason Pharms., Inc.</u>, 224 B.R. 315, 321 (Bankr. D. Md. 1998) (emphasis omitted)(citing cases).

[11] 993 F.2d 51 (5th Cir. 1993).

[12] <u>Id.</u> at 54 (quoting *In re* <u>Lembke</u>, 93 B.R. 701, 703 (Bankr. D.N.D. 1988)).

In short, even though Chapman's failure to file a proof of claim in Coho's bankruptcy proceedings <u>is</u> a bar to continued prosecution of claims against <u>Coho</u>, it does not affect his claims against non-debtors, such as general liability insurers. "The 'fresh-start' policy is not intended to provide a method by which an insurer can escape its obligations based simply on the financial misfortunes of the insured."[13] The district court properly granted Chapman's motion for authority to proceed against Coho's insurers.[14]

C.    **Status of Chapman's Remitted State Judgment**

Bituminous insists that the district court erred in "implicitly" concluding that Chapman possesses a valid, final judgment executable under Mississippi law. Bituminous argues in the alternative (1) that Chapman's judgment is not final because all post-petition actions, including the state court's remittitur,

---

[13] <u>Jet Florida</u>, 883 F.2d at 975.

[14] Courts vary in their procedural approaches to such suits. <u>See</u> <u>Green v. Welsh</u>, 956 F.2d 30, 33-34 (2d Cir. 1992)(citing cases and noting that some courts have simply concluded that discharge injunction is not a bar, others have modified the injunction to allow such suits, and others have granted relief from the automatic stay); <u>see</u> <u>also</u> 4 COLLIER ON BANKRUPTCY ¶ 524.05, at 524-46 (Lawrence P. King ed., 15th ed. rev. 2003) (explaining that "[i]t is generally agreed that the debtor's discharge does not affect the liability of the debtor's insurer for damages caused by the debtor" but noting that "[t]here is disagreement about whether relief from the discharge injunction must be sought when an action must be brought against the debtor to collect from another entity or whether the injunction simply does not apply to an action in which the plaintiff explicitly waives any right to collect a monetary recovery from the debtor").

are void as a result of the automatic bankruptcy stay;[15] (2) that even if the post-petition actions are not void, but merely voidable, Chapman failed to seek to annul or retroactively ratify the post-petition actions in the bankruptcy court; and (3) that the district court impermissibly "delegated" authority to the Mississippi state courts to determine whether the judgment is void or merely voidable. As we shall demonstrate, each of these arguments fails.

Section 362 of the Bankruptcy Code provides that the filing of a bankruptcy petition operates as a stay of the "commencement or continuation" of all non-bankruptcy judicial proceedings against the debtor.[16] This stay is automatic and "springs into being immediately upon the filing of a bankruptcy petition."[17] Courts disagree, however, as to the effect of violations of this automatic stay. Some courts hold that acts in violation of the stay are void

---

[15] Chubb also raises this argument, asserting that Chapman "willfully ignored the stay imposed by Coho's bankruptcy and proceeded to obtain a judgment" and "any act violative of that stay should be deemed void."

[16] 11 U.S.C. § 362(a)(1). A debtor's discharge will extinguish the § 362 automatic stay and substitute a § 524(a) permanent injunction. See, e.g., Green, 956 F.2d at 32; see also HENRY J. SOMMER, 1 COLLIER BANKRUPTCY MANUAL ¶ 362.06, at 362-48 (3d ed. rev. 2002)(explaining that the stay expires when case is closed or dismissed or when debtor receives a discharge).

[17] Soares v. Brockton Credit Union (*In re* Soares), 107 F.3d 969, 975 (1st Cir. 1997).

9

ab initio and incurable.[18]  We adhere to the view that violations are merely "voidable" and are subject to discretionary "cure."[19] This position rests on the bankruptcy court's statutory power to annul the automatic stay,[20] i.e., to "lift the automatic stay retroactively and thereby validate actions which otherwise would be void."[21]

In this case, the parties complain of several actions taken in violation of the automatic stay.  First, the first — and pivotal — "violation" occurred when the Mississippi Circuit Court ruled on Coho's post-trial motions (and granted a remittitur) days after the "suggestion of bankruptcy" was filed in that court.  Second, both Chapman and Coho acted — with the knowledge of the bankruptcy proceedings — in response to the remitted judgment: Chapman formally accepted the reduced judgment; Coho filed a notice of appeal challenging the remitted judgment and the state court's rulings on the pending post-trial motions.

In spite of these patent violations of the automatic stay, the

---

[18] Helfrich v. Thompson (*In re* Thompson), 273 B.R. 143, 144 (Bankr. S.D. Ohio 2001).

[19] Sikes v. Global Marine, Inc., 881 F.2d 176, 178 (5th Cir. 1989) (explaining that "characterization of every violation of section 362 as being absolutely void is inaccurate and overly broad")(quotations omitted).

[20] Id. ("The power to annul authorizes the court to validate actions taken subsequent to the impressing of the section 362(a) stay.").

[21] Soares, 107 F.3d at 976.

parties' "voidness" arguments fail for three reasons.  First, as a threshold matter, we agree with the district court that the validity and procedural posture of Chapman's Mississippi state judgment should be resolved by the Mississippi courts.  In the bankruptcy court, Chapman filed a motion seeking "authority to execute on/or collect the subject State court judgment" from Bituminous and Chubb "to the extent that insurance proceeds are available."  He apparently did <u>not</u> ask for total annulment of the automatic stay or retroactive "validation" of the remitted judgment.

Although Bituminous raised the alleged "voidness" of the state court judgment in opposition to Chapman's motion, on appeal neither Bituminous nor Chubb addresses any of the thorny procedural issues needed to resolve conclusively the void-voidable dichotomy.[22] Incredibly, Chubb summarily asserts that because the remitted judgment was issued in violation of the stay, it is void as a matter of law, and Chapman recovers nothing.[23]  Given that Chapman had prevailed at trial two months <u>before</u> Coho's petition was filed, and that both Chapman and Coho took steps to preserve their rights

---

[22] The parties do not address, for example, the procedural posture of Chapman's judgment and Coho's appeal, if this court agrees that the remitted judgment is void <u>ab</u> <u>initio</u>. It seems that if <u>all</u> post-petition actions are void (as Bituminous and Chubb now assert) Chapman is left with the original $1.6 million judgment.

[23] Bituminous's argument in this regard is slightly more principled and is based on the fact that Chapman's judgment "remains in dispute" and is not final.

post-petition (Chapman by accepting the remittitur, Coho by appealing it), this argument is feckless. Chapman may be required to seek retroactive annulment of the stay before executing his judgment in Mississippi, but this is not the relief that he sought in the bankruptcy court. Consequently, this issue is not properly before us on appeal, and we decline Bituminous and Chubb's invitation to issue an advisory opinion on the question.

Second, Bituminous's assertion that the district court has improperly "delegated appellate authority" to the Mississippi courts is without merit. State courts, including those of Mississippi, routinely rule on the applicability of a bankruptcy stay or permanent injunction to state judicial proceedings.[24] In Overbey v. Murray,[25] the Mississippi Supreme Court explained that "courts of this state have jurisdiction to determine whether a pending action is stayed by a ruling of the bankruptcy court," yet cautioned that state courts should "consider deferring close

---

[24] We have previously noted that "other [federal] district courts retain jurisdiction to determine the applicability of the stay to litigation before them, and to enter orders not inconsistent with the terms of the stay." Picco v. Global Marine Drilling Co., 900 F.2d 846, 850 (5th Cir. 1990); see also Siskin v. Complete Aircraft Servs.(In re Siskin), 258 B.R. 554, 561-664 (Bankr. E.D.N.Y. 2001)(noting that the majority of jurisdictions have held that state courts have concurrent jurisdiction to decide whether the bankruptcy stay applies to pre-petition state court actions).

[25] 569 So. 2d 303 (Miss. 1990); see also Estelle v. Robinson, 805 So. 2d 623, 626 (Miss. Ct. App. 2002) (refusing to enforce default judgment granted during automatic stay because plaintiff did not attempt to "obtain relief from the automatic stay").

12

questions involving the applicability of exceptions to the automatic stay" to the bankruptcy court.[26] Bituminous's argument that only the bankruptcy court can make this voidness determination is unpersuasive.

Third, as Bituminous acknowledges, the district court did not conclusively determine that Chapman's state judgment is valid. According to Bituminous, the court "made findings of fact and reached conclusions of law that indicate that [it] believed, although it did not rule that, Chapman currently possesses a valid final judgment" enforceable in Mississippi state courts. A review of the district court's order, however, reveals that the court specifically avoided this issue, expressly leaving its resolution to the Mississippi courts. Whether the remitted Mississippi judgment is void, and whether Coho's failure to post a supersedeas bond allows Chapman to execute the judgment, are complex procedural issues of Mississippi law that the district court prudently left to the Mississippi courts. Any "beliefs" that the district court might have "implied" are simply irrelevant.

## D. Bituminous's Indemnification Obligation

Chubb contends that the district court erred in concluding

---

[26] Overbey, 569 So. 2d at 307-08. Both Chubb and Bituminous repeatedly cite Overbey for its holding that, under Mississippi law, any act taken in violation of the automatic bankruptcy stay is void. Id. at 307 (describing this as a "general rule" and noting that "[w]e do not imply . . . that [an] equitable exception will never be applied to uphold an otherwise void judgment").

13

that Coho's bankruptcy discharge effectively discharged any obligation of Bituminous, as Coho's indemnitor. According to Chubb, Bituminous's liability attached when Coho submitted a claim under the indemnity agreement (i.e., when Chapman filed suit and Bituminous assumed Coho's defense) and is not contingent on a judicial determination of Coho's "legal liability."

Mississippi common law provides that, as a general rule, "there must be legal liability before a claim of indemnity arises."[27] Parties may, however, "extend the liability of the indemnitor by the language of their contract."[28] The Sauls-Coho indemnity agreement provided that Sauls

> shall defend, indemnify, and hold [Coho] harmless . . . from and against all claims, losses, costs, demands, damages, penalties, liabilities, debts, expenses and causes of action of whatsoever nature or character, including but not limited to, reasonable attorney's fees and other costs and expenses, without limit and without regard to the causes or cause thereof, which are related in any way to the subject matter of this Agreement which are asserted by or arise in favor of such party or any of such party's employees . . . due to personal injury, death, or loss or damage of property whether or not caused by sole, joint, and/or concurrent negligence of the party seeking indemnity, and/or claim of strict liability and/or any cause whatsoever, whether predating this Agreement or not.

Given the comparatively broad indemnification language in this particular agreement, it may well be that, as a matter of law,

---

[27] Hopton Bldg. Maint., Inc. v. United Parcel Serv., 559 So. 2d 1012, 1013 (Miss. 1990).

[28] Id. at 1014.

14

Sauls and Coho have contractually expanded Sauls's (and thus Bituminous's) indemnification obligation beyond the common-law rule. It may also be that the judgment rendered in Mississippi state court <u>before</u> Coho filed its petition for bankruptcy constitutes "legal liability" sufficient to satisfy the common law requirement <u>without</u> additional contractual expansion. As this complex issue of Mississippi law is so entwined with the larger question of the validity and procedural posture of the state court judgment, we conclude that the courts of Mississippi are best-equipped to resolve it.[29] We therefore vacate the district court's ruling on the issue of Bituminous's liability, if any, and leave its resolution to the proper Mississippi court.[30]

---

[29] In light of our ruling, we do not reach Bituminous's contention that Chubb, in failing to appear or argue before the district court, has waived this argument. We emphasize that, in general, we do not consider issues raised for the first time on appeal "except in extraordinary circumstances." <u>Vogel v. Veneman</u>, 276 F.3d 729, 733 (5th Cir. 2002). We also note that in this unusual case, <u>Bituminous</u> had fully assumed and handled the defense of Chapman's suit against Coho, thus raising the specter of estoppel.

[30] Both Chubb and Bituminous complain on appeal that the district court erred in making a "factual finding" that Chapman's injuries were "substantial." This argument does not warrant lengthy discussion. The district court noted, in the "background and procedural history" section of its memorandum opinion, that "Marion C. Chapman . . . was involved in an accident on August 18, 1995, as a result of which he suffered substantial injuries." In context, it is obvious that the court was merely explaining the facts giving rise to this bankruptcy appeal and was <u>not</u> "determin[ing] the nature and extent of Chapman's alleged injuries" as Bituminous alleges. In any event, we clarify that the district court was merely reciting the facts <u>as</u> <u>alleged</u> in Chapman's original complaint.

15

### III. CONCLUSION

Bituminous and Chubb consistently (and conveniently) assert that Marion Chapman is responsible for the procedural quagmire they find themselves in today. As we view the situation, however, it is not Chapman so much as Bituminous and Chubb who have wrapped this one around the axle. The internecine bickering between these two large insurers — neither disputing coverage but both seeking to avoid payment as a result of Coho's fortuitous bankruptcy — has unnecessarily prolonged and complicated this otherwise straightforward, eight-year old personal injury case. We hold today that Chapman may pursue his judgment against third parties such as Coho's insurers. As the status of Chapman's judgment and the question of Bituminous's continuing liability are issues of Mississippi law, however, we gladly leave to the Mississippi courts the unenviable task of untying — or cutting — this Gordian knot.

AFFIRMED in part; VACATED in part; and REMANDED with instructions to transfer this case to the United States District Court for the Southern District of Mississippi for further proceedings consistent with this opinion.