United States Court of Appeals
Fifth Circuit

**F I L E D**

July 2, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 03-60441
_____

MARTIN TURNER, Etc.; ET AL.,

Plaintiffs,

MARTIN TURNER, Individually and Representative of Syndicates
MEB861, WHS2, COX 590, TMH 625, COP1036, RCT 483, WTK457,
Wurttembergische Versicherung AG, and Terra Nova Insurance
Company Limited,

Plaintiff - Appellant-Cross-Appellee,

versus

TRANSPORT INTERNATIONAL POOL INC.; ET AL.,

Defendants,

versus

TRAVELERS CASUALTY & SURETY COMPANY,

Garnishee - Appellee-Cross-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Mississippi, Biloxi
USDC No. 1:99-CV-17
_____

Before JOLLY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

This appeal presents a dispute over insurance coverage in a

commercial general liability policy owned by Mississippi Design &

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Development, Inc. ("MDD").  We begin with a recitation of the background facts.

I

MDD was sued by the Carlo Corporation in federal court, for damages to Carlo's slot machines.  Carlo contended that MDD had failed properly and adequately to inspect the trailers in which Carlo's slot machines were to be transported and stored, with the result -- at some point either in transportation or storage or both -- that water entered the trailers, thereby damaging the water-sensitive slot machines.  The complaint was later amended to substitute as plaintiff, Martin Turner, Carlo's subrogated insurer who had compensated Carlo for its losses.  MDD notified its insurer, Travelers, of the suit and requested that Travelers provide MDD with a defense and indemnification.  On August 3, 1998, MDD received a letter from Travelers denying a defense and indemnification based on a "sale, storage or safekeeping" exclusion in the policy -- obviously contending that the damage to the machines occurred during storage, not during transportation, which the policy covered.

On June 25, 2001, MDD and Turner entered into a consent judgment, in favor of Turner and against MDD for $630,000.  As part of the consent judgment, the parties entered into a covenant not to execute, under which Turner agreed not to enforce the judgment against MDD; in turn, MDD assigned its right to recover under the

2

Travelers policy to Turner.[1]  Accordingly, the consent judgment was entered against MDD on June 27, 2001.  On February 5, 2002, Turner filed a Suggestion of Writ of Garnishment in federal court against Travelers, seeking to recover the proceeds of MDD's insurance policy.  The district court, ruling against Turner, granted Travelers' motion for summary judgment, concluding that Travelers did not breach its duty to defend MDD and therefore could not be held liable under the consent judgment.  Both parties timely filed notices of appeal:  Turner appeals the district court's grant of summary judgment, holding that Travelers did not breach its contractual duty to defend; Travelers cross-appeals, arguing that the district court erred in granting Turner's motion for leave to file a written contest, that Turner's claims are time-barred, and that there was no "occurrence" under the terms of the policy.

This court reviews a district court's grant of summary judgment <u>de novo</u> and considers the same criteria that the district court relied upon when deciding the motion.  <u>Mongrue v. Monsanto Co.</u>, 249 F.3d 422, 428 (5th Cir. 2001).

II

In its original briefing, Travelers argues with only one sentence that the Writ of Garnishment in this case is void under Mississippi law because it was never enrolled.  <u>See</u> <u>Buckley v.</u>

---

[1]As MDD's assignee, Turner can obtain only those rights that MDD could have itself asserted against Travelers. <u>Ind. Lumberman's Mut. Ins. Co. v. Curtis Mathes Mfg. Co.</u>, 456 So.2d 750, 754 (Miss. 1984).

Personnel Support Systems, Inc., 852 So.2d 648 (Miss. 2003); Estelle v. Robinson, 805 So.2d 623 (Miss. App. 2002).[2]  This argument is waived as inadequately briefed. See FED. R. APP. P. 28(a)(9)(A).  Moreover, Travelers' attempt to present this contention more fully on the eve of oral argument, styled as a motion to dismiss, does not save it.  Cousin v. Trans Union Corp., 246 F.3d 359, 373 n.22 (5th Cir. 2001) (stating that issues not raised and argued in a party's initial brief are normally waived on appeal).  Moreover, this argument is also waived because it appears that it was never presented to the district court.  See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc., 200 F.3d 307, 316-17 (5th Cir. 2000).[3]

---

[2]We note that Turner has now enrolled the judgment; this fact, however, does not affect the disposition of this appeal.

[3]We also note that application of FED. R. CIV. P. 69(a) is not jurisdictional by virtue of its incorporating Mississippi execution practice and procedure.  Even if a Mississippi court would lack subject matter jurisdiction to take any action with regard to an unenrolled judgment, see Buckley, 852 So.2d at 650-52, the incorporation of this Mississippi rule under FED. R. CIV. P. 69(a) does not deprive this court of jurisdiction. See FED. R. CIV. P. 82 (stating that the Federal Rules of Civil Procedure, including Rule 69(a), "shall not be construed to extend or limit the jurisdiction of the United States district courts"); 14 JAMES WM. MOORE ET AL, MOORE'S FEDERAL PRACTICE § 82.02 (3d ed. 2003) (stating that the Rules do not "affect the federal courts' subject matter jurisdiction"; instead "they are concerned exclusively with the fair and efficient administration of justice in the federal courts").

III

Having determined that Travelers waived its argument regarding the effect of Turner's failure to enroll the Writ of Garnishment -- and that we have jurisdiction over this case -- we now turn to address Travelers' cross-appeals.

Travelers cross-appeals the district court's decision granting Turner's motion for leave to file a written contest, arguing that the motion was untimely. Once again we are required by FED. R. CIV. P. 69(a) to apply Mississippi procedural rules. Mississippi law provides that:

> If the plaintiff believes that the answer of the garnishee is untrue, or that it is not a full discovery as to the debt due by the garnishee, or as to the property in his possession belonging to the defendant, he shall, at the term when the answer is filed, unless the court grant further time, contest the same, in writing, specifying in what particular he believes the answer to be incorrect.

MISS. CODE ANN. § 11-35-45. The first problem with Travelers' argument is that the statute requires that objections be filed within the court term when the district courts in Mississippi have no terms but continually are "in session". See S.D. MISS. LOCAL RULE 77.1(A) (providing that "Court Always Open. There are no terms of court in the United States district courts of Mississippi"). Second, the Mississippi statute allows the court to grant Turner "further time" to file his answer. Third, the Mississippi Supreme Court has overlooked the rigid requirements of this statute and

allowed the case to proceed despite "the lack of formal pleading." State Farm Mut. Auto. Ins. Co. v. Eakins, 748 So.2d 765, 768 n.2 (Miss. 1999).

Travelers also argues that Turner's claim is time barred by Mississippi's three-year statute of limitations. See MISS. CODE ANN. § 15-1-49. This argument confuses the nature of the claim at issue and is thus misplaced. This lawsuit is based upon Travelers' breach of its duty to indemnify MDD, not its duty to defend. Under the terms of the policy Travelers agreed to pay MDD "those sums that [MDD] becomes legally obligated to pay" and Turner's claim accrued when MDD became legally obligated to pay -- upon the entry of the final consent judgment. Owens-Illinois, Inc. v. Edwards, 573 So.2d 704, 706 (Miss. 1990) (stating that in Mississippi, a cause of action accrues when "it comes into existence as an enforceable claim; that is, when the right to sue becomes vested"). Thus, the cause of action accrued on June 27, 2001 and this lawsuit, filed on February 5, 2002, is timely.[4]

IV

We finally turn to evaluate the district court's grant of summary judgment in favor of Travelers, which dismissed Turner's complaint. The district court relied on the "sale, storage or safekeeping" exclusion in the policy to hold that Travelers had no

---

[4]We do not address Travelers' argument, raised for the first time on appeal, that there was no "occurrence" as required by the policy. See Stewart Glass & Mirror, 200 F.3d at 316-17.

6

duty to defend.  We find that the district court's grant of summary judgment was error and therefore we REVERSE.

Under Mississippi law, "unjustifiably denying liability or breaching a duty to defend will preclude an insurer from relying on policy provisions that deny coverage."  <u>Jones v. S. Marine & Aviation Underwriters, Inc.</u>, 888 F.2d 358, 362 (5th Cir. 1989).  Thus, we must decide whether Travelers' refusal to defend MDD was "unjustifiable"; if it were, Travelers is precluded from relying on the "sale, storage or safekeeping" exclusion.

Mississippi cases have decided that a "liability insurance company has an <u>absolute</u> duty to defend a complaint which contains allegations covered by the language of the policy; it clearly has no duty to defend a claim outside the coverage of the policy." <u>Sennett v. United States Fidelity and Guar. Co.</u>, 757 So.2d 206, 212 (Miss. 2000) (emphasis added) (quoting <u>Moeller v. American Guar. & Liab. Ins. Co.</u>, 697 So.2d 400, 403 (Miss. 1997)); <u>see</u> <u>also</u> <u>United States Fidelity & Guar. Co. v. OmniBank</u>, 812 So.2d 196, 200 (Miss. 2002).  Consequently, "the obligation of a liability insurer [to defend] is to be determined by the allegations in the complaint" as applied to the policy language.  <u>Sennett</u>, 757 So.2d at 212 (quoting <u>Delta Pride Catfish, Inc. v. Home Ins. Co.</u>, 697 So.2d 400, 403 (Miss. 1997).  Finally, any doubt with regard to an insurer's defense obligation is resolved in favor of the insured.  <u>Liberty Mut. Fire Ins. Co. v. Canal Ins. Co.</u>, 177 F.3d 326, 331 (5th Cir.

7

1999); see also Moeller v. Am. Guar. & Liab. Ins. Co., 707 So.2d 1062, 1069 (Miss. 1996) (stating that "the insurance carrier has a contractual duty to furnish a legal defense, whether the claim later proves to be meritorious or not").

In the instant case, it is uncertain from the complaint before us whether Travelers had a duty to defend; that is, the complaint does not allege whether the damage to the slot machines took place during transportation (requiring a defense) or storage (not requiring a defense because of the exclusion). When we resolve this uncertainty in favor of Turner, however, we must presume that the damage occurred during transportation. Thus, Travelers' reliance on the "sale, storage or safekeeping" is precluded and its refusal to defend MDD is "unjustifiable". Consequently, Travelers is liable for the consent judgment entered against MDD.

For these reasons the district court's grant of summary judgment in favor of Travelers is REVERSED, and judgment is RENDERED in favor of Turner.[5]

---

[5]Turner has also filed a motion for sanctions against Travelers under FED. R. APP. P. 38, 28 U.S.C. § 1927, and our inherent authority to regulate the conduct of the parties and their attorneys, see Chambers v. NASCO, Inc., 501 U.S. 32, 43-46 (1991). Specifically, Turner complains that Travelers submitted supplemental authorities under FED. R. APP. P. 28(j) and filed the previously discussed motion to dismiss, supra § II, on the eve of oral argument with the intent to thwart Turner's preparations in this case. Moreover, Turner argues that after oral argument, Travelers again abused the 28(j) procedure by submitting additional authorities amounting to a re-argument of its appeal.

Turner's contentions have some merit. First, it is clear that Travelers was aware of its primary argument in the motion to

8

REVERSED and RENDERED.

---

dismiss when its original brief was filed in this case (Travelers' original brief dedicated one line to arguing that the judgment was void because it had not been enrolled). Thus, its attempt to reassert and develop the issue on the eve of oral argument is most reasonably explained by either bad faith or negligence. Second, its letter filed after oral argument pursuant to Rule 28(j) was stricken by this court as an attempt to re-brief the case.

While this case may present a situation where sanctions would be appropriate, we also recognize the issues raised in Travelers motion to dismiss could conceivably be construed as jurisdictional. Furthermore, its failure adequately to brief the issue may be attributable to negligence rather than bad faith. We will not assume the worst, and accordingly Turner's motion for sanctions is DENIED.