133 Nev., Advance Opinion 55

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| LN MANAGEMENT LLC SERIES 5105 PORTRAITS PLACE,<br>Appellant,<br>vs.<br>GREEN TREE LOAN SERVICING LLC,<br>Respondent. | No. 69477<br><br>**FILED**<br><br>AUG 03 2017 |

Appeal from a district court order granting summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

*Affirmed.*

Kerry P. Faughnan, North Las Vegas,
for Appellant.

Wolfe & Wyman LLP and Colt B. Dodrill, Las Vegas,
for Respondent.

BEFORE DOUGLAS, GIBBONS and PICKERING, JJ.

## OPINION

By the Court, DOUGLAS, J.:

In this appeal, we consider the effect of a sale of real property situated in Nevada in violation of an automatic stay from the homeowners' bankruptcy proceedings commenced in Texas. This court was presented with a purported conflict of laws issue due to where the real property was situated and where the bankruptcy proceedings commenced, to which the United States Court of Appeals for the Ninth Circuit law would apply to the

17 - 25809

former and Fifth Circuit law would apply to the latter. However, under either circuit, the immediate effect of property sold in violation of an automatic stay is the same. Accordingly, we conclude that there is no conflict of laws issue here because under both the Ninth and Fifth Circuits, a sale conducted during an automatic stay in bankruptcy proceedings is invalid. Therefore, the district court properly granted respondent's motion for summary judgment.

## FACTS AND PROCEDURAL HISTORY

The property at issue is located in Las Vegas. Homeowners encumbered the property with a note and deed of trust that were ultimately assigned to respondent Green Tree Loan Servicing LLC. When the homeowners filed for bankruptcy in Texas, they listed the property in their relevant bankruptcy schedule but failed to list the homeowners' association (HOA) as a creditor. During the bankruptcy proceedings and without seeking relief from the automatic stay, the HOA recorded a default and notice of sale and ultimately sold the property to appellant LN Management LLC. Appellant sought to quiet title in the district court, and respondent disputed the validity of the HOA sale by filing a complaint in intervention. Respondent then moved for summary judgment.[1] Ultimately, the district court granted respondent's motion for summary judgment by concluding that Ninth Circuit law controls, respondent has standing as a creditor to enforce the automatic stay in the homeowners' bankruptcy, and the HOA

---

[1]No facts were in dispute with regard to respondent's motion for summary judgment. The only disputes between the parties concerned which circuit law applied in determining the effect of the HOA foreclosure sale and whether respondent had standing to challenge the sale. We have considered appellant's latter argument concerning standing and conclude that it lacks merit.

foreclosure sale was void due to the violation of the automatic stay. This appeal followed.

## DISCUSSION

### Standard of review

This court reviews a district court's order granting summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper if the pleadings and all "other evidence on file demonstrate that no genuine issue as to any material fact [remains] and that the moving party is entitled to a judgment as a matter of law." *Id.* (alteration in original) (internal quotation marks omitted).

### Acts in violation of a bankruptcy automatic stay are invalid irrespective of which circuit law applies

Appellant argues that the district court erred in granting respondent's motion for summary judgment. In particular, appellant looks to Texas, as the state where the homeowners commenced their bankruptcy proceedings, to argue that the HOA foreclosure sale is voidable pursuant to Fifth Circuit law. Conversely, respondent looks to where the property is situated to argue that the HOA foreclosure sale is void *ab initio* pursuant to Ninth Circuit law and, thus, the district court did not err in granting respondent's motion for summary judgment.[2]

---

[2]We decline to address respondent's alternative arguments that the HOA foreclosure sale was commercially unreasonable and the HOA foreclosure statute is unconstitutional. In light of our disposition, we need not address these issues raised for the first time on appeal. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal.").

"The automatic stay takes effect on the date the bankruptcy petition was filed, regardless of whether the creditor or other affected entity has knowledge of the bankruptcy and without the necessity of any formal service of process or notice to the creditors." 9B Am. Jur. 2d *Bankruptcy* § 1698 (2016) (footnotes omitted). Thus, "the automatic stay is effective against the world, regardless of notice." *Id.*

Accordingly, the HOA foreclosure sale was an act in violation of the automatic stay, despite the lack of notice of the homeowners' bankruptcy. The immediate effect of this act is the same regardless of which circuit law is applied. Thus, no conflict of laws issue arises at this point. Rather, it is the available recourse after a sale in violation of an automatic stay that distinguishes Ninth Circuit law from Fifth Circuit law.

The Ninth Circuit has held that acts in violation of the automatic stay are void *ab initio*, whereas the Fifth Circuit has held that such violations are voidable. *See In re Schwartz*, 954 F.2d 569, 571 (9th Cir. 1992); *In re Sikes v. Global Marine, Inc.*, 881 F.2d 176, 178 (5th Cir. 1989). "This [latter] position rests on the bankruptcy court's statutory power to annul the automatic stay, i.e., to lift the automatic stay retroactively and thereby validate actions which otherwise would be void." *In re Coho Res., Inc.*, 345 F.3d 338, 344 (5th Cir. 2003) (footnote and internal quotation marks omitted). In other words, the difference between a void and a voidable transaction is that the former "can never become valid," and the latter "can be made valid by subsequent judicial decision. Until that decision is rendered, however, it is not valid." *In re Pierce*, 272 B.R. 198, 207 n.21 (Bankr. S.D. Tex. 2001). Thus, under federal law in Texas, retroactive relief from the stay may be granted under some circumstances to validate the transaction; however, in general, an act in violation of the

automatic stay has no effect, even if the parties did not have notice of the bankruptcy. *Id.* at 211. Accordingly, it is well recognized in the Fifth Circuit that "[a] foreclosure sale conducted in violation of the automatic stay remains invalid unless the bankruptcy court annuls the stay." *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 194 (S.D. Tex. 2007); *see also In re Jones*, 63 F.3d 411, 412 (5th Cir. 1995).

Here, the district court resolved the apparent conflict of laws issue by concluding that Ninth Circuit law controls due to the situs of the property. However, there is no conflict of laws issue because irrespective of which circuit law applies, the violation of the automatic stay invalidated the HOA foreclosure sale. If Fifth Circuit law applies, as appellant contends, then appellant must seek redress with the appropriate Texas bankruptcy court to validate the sale retroactively.[3] Until then, the sale remains invalid. Therefore, the district court did not err in determining that the HOA foreclosure sale was void, despite its reasoning.

---

[3]We note that the record is silent as to whether appellant sought recourse with the appropriate bankruptcy court and appellant's counsel conceded at oral argument before this court that such recourse was not pursued.

Accordingly, we affirm the district court's order granting respondent's motion for summary judgment. *See Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) ("This court will affirm a district court's order if the district court reached the correct result, even if for the wrong reason.").

_____, J.
Douglas

We concur:

_____, J.
Gibbons

_____, J.
Pickering