559 So.2d 1012 (1990)
HOPTON BUILDING MAINTENANCE, INC.
v.
UNITED PARCEL SERVICE, INC.
No. 07-CA-59086.
Supreme Court of Mississippi.
March 14, 1990.
F. Hall Bailey, Wise Carter Child & Caraway, Jackson, for appellant.
Joe H. Daniel, C. Joyce Hall, Daniel Coker Horton & Bell, Jackson, for appellee.
Before HAWKINS, P.J., and ANDERSON and BLASS, JJ.
BLASS, Justice, for the court:
United Parcel Service, Inc., hereinafter called "UPS," entered into a building maintenance agreement with Hopton Building Maintenance, Inc., hereinafter called "Hopton." UPS drafted the agreement. The contract provided that Hopton would perform janitorial services and "properly guard the work and areas affected by its work to prevent any person or persons from being injured by its work or by the condition of the facility... ." It also provided that "the contractor agrees to indemnify and save harmless UPS against any loss or expense by reason of the liability imposed by law upon UPS for damages because of bodily injuries." A later provision stated that the contractor agrees to indemnify and save harmless UPS, its agents, servants and employees "from and against any and all claims, liabilities, loss and expense by reason of any liability imposed by law upon UPS for any above-described damage or injury, however such may be caused, including but not limited to such damage or injury as is caused by the sole or concurrent negligence of UPS, its agents, servants and employees, ... ." The full text of the pertinent paragraphs is footnoted below.[1]
*1013 One Travis Fitts, an employee of UPS was fired by UPS on June 18, 1984. He returned to the UPS property on June 19, to gather up his tools. While on the premises, he claimed that he slipped and fell in a puddle of oil, and injured his back. He brought suit in the Circuit Court of Attala County, naming UPS and Hopton as defendants. UPS cross-claimed against Hopton, relying on the indemnity provisions of the contract. Both UPS and Hopton filed Motions for Summary Judgment with respect to the cross-claim and, on September 24, 1986, the trial court granted Summary Judgment in favor of UPS, requiring Hopton to indemnify and hold UPS harmless from any and all claims and demands of Fitts and to pay UPS costs and expenses including attorney fees involved in defense of the Fitts claim.
The personal injury suit was tried and resulted in a verdict and judgment in favor of the defendants. Post-trial motions were denied and an appeal was filed and dismissed.
Following the successful defense of the personal injury suit, Hopton moved the court to reconsider its September 24 ruling, UPS filed a motion for approval of attorney fees and entry of judgment thereon, and after a hearing, the trial court denied Hopton's motion, approved the UPS motion and ordered payment by Hopton to UPS of $18,096.45 in attorney fees and expenses incurred in the Fitts case. Hopton appeals, presenting the issues discussed below.
ISSUE I.
Whether an indemnity provision which required the janitorial company to indemnify building owner for all "claims, liabilities, loss and expense of any liability imposed by law" upon building owner arising out of or resulting from the execution of the janitorial work, requires janitorial company to pay building owner's attorney's fees and costs incurred in defense of groundless slip and fall suit, which was successfully defended by both building owner and janitorial company.
There are no factual disputes on this issue. Hopton argues that the contract only required that UPS be indemnified for claims "by reason of any liability imposed by law" and that, since the defendants prevailed in this case, UPS was never faced with any claim or liability "imposed by law."
The language of the contract seems to adopt the common law indemnity requisite that there must be legal liability before a claim of indemnity arises. Our decisions *1014 support this concept. Bush v. City of Laurel, 215 So.2d 256 (Miss. 1968); Home Insurance Co. of N.Y. v. Atlas Tank Mfg. Co., 230 So.2d 549, 551 (Miss. 1970); Southwest Mississippi Electric Power Ass'n. v. Harragill, 254 Miss. 460, 182 So.2d 220 (1966). The parties may, of course, broaden the responsibility for indemnity by the language of their contract. In this case, however, we find no language extending beyond the reach of the common law as above stated. All indemnification spelled out in the contract is limited by the term "imposed by law." A possible exception is the sixth paragraph referring to claims brought by other independent contractors on the job and arising out of an act or omission by Hopton. This paragraph has no application here.
As stated, the parties may extend the liability of the indemnitor by the language of their contract. Both sides in this case have cited Blain v. Sam Finley, Inc. 226 So.2d 742 (Miss. 1969). In that case, paragraph twelve of the contract provides for the payment of certain claims and expenses "arising out of this sub-contract or out of the non-payment of any claim of any third party whether such claim is valid or not, or out of the performance or non-performance of the work hereunder... ." (Emphasis added). In B & G Electric Co. v. G.E. Bass & Co., 252 F.2d 698 (5th Cir.1958), the indemnity agreement provided that the sub-contractor should pay and indemnify the contractor against any loss or damage suffered by anyone arising through the negligence of the sub-contractor or persons employed by him, or his agents or servants, and that he should bear "any expense which the contractor may have by reason thereof, or on account of being charged therewith; ... ." (Emphasis added).
With respect to Issue I, it is clear that the contract reaches only the expenses growing out of a liability imposed by law. The contract provides no waiver, but embraces that requirement. This is dispositive on the merits and requires reversal.

ISSUE II.
Under this issue, Hopton contends that, even if the Court should find that UPS is entitled to indemnity, it would still not be entitled to costs incurred in establishing its claim against Hopton. Since our decision under Issue I requires that the case be reversed and rendered, any discussion of Issue II would be of academic interest only and inappropriate here.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.
NOTES
[1] The Contractor agrees to perform the work in a safe and proper manner and so as to comply with all applicable laws and ordinances and shall indemnify and save UPS harmless from and against all penalties for violation of same. All references to UPS in this paragraph shall include its landlord, agents and employees.

The Contractor shall be solely responsible for the safety of the work and of all equipment and materials used therein during the term of this Agreement and shall promptly at own expense repair any damage to the same, however caused.
The Contractor shall properly guard the work and areas affected by its work to prevent any person or persons from being injured by its work or by the condition of the facility and shall, in all respects, comply with any and all provisions of the law and of local ordinances. The Contractor agrees to indemnify and save harmless UPS against any loss or expense by reason of the liability imposed by law upon UPS for damages because of bodily injuries, including death at any time resulting therefrom, sustained by any person or persons other than employees of the Contractor.
The Contractor hereby assumes entire responsibility and liability for any and all damages or injury of any kind or nature whatsoever, caused by, resulting from, arising out of, incidental to or accruing in connection with the execution of the work provided for in this Agreement. Such damage and injury shall include damage to property, including the work, and theft and injury to all persons, including employees of the Contractor and its subcontractors, if any, including death resulting therefrom. In the case of an injury to an employee of the Contractor or its subcontractors, this provision shall apply whether such injury is sustained while at the premises where work under this contract is conducted or elsewhere, provided that such employee is engaged in the performance of work under this contract.
The Contractor agrees to indemnify and save harmless UPS, its agents, servants, and employees from and against any and all claims, liabilities, loss and expense by reason of any liability imposed by law upon UPS for any above described damage or injury, however such may be caused, including but not limited to such damage or injury as is caused by the sole or concurrent negligence of UPS, its agents, servants, and employees, whether active or passive negligence, and whether based upon any alleged breach of any statutory duty or administrative regulation or otherwise. This indemnity obligation shall not be limited in any way by benefits payable under Workmen's Compensation acts, disability benefits acts or other employee benefit acts.
The Contractor agrees to indemnify and hold UPS harmless by reason of any liens, claims, demands, judgments or other liabilities, which may be asserted against UPS by any other independent contractor on the job and which arose out of any act or omission of this Contractor.