**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 19, 2011

Lyle W. Cayce
Clerk

No. 10-60266

WAL-MART STORES, INCORPORATED,

Plaintiff–Appellee

v.

QORE, INC.,

Defendant–Appellant

Appeal from the United States District Court
for the Northern District of Mississippi

Before GARZA, STEWART, and HAYNES, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Qore, Inc. appeals from the district court's award of attorney's fees to Wal-Mart Stores, Inc.  The court's $810,000 fee award ordered Qore to reimburse Wal-Mart for nearly all the attorney's fees it incurred in prosecuting this case. The award included reimbursement for those legal fees incurred by Wal-Mart on its unsuccessful claims, as well as Wal-Mart's attorney's fees for claims brought against third parties, one of which was absolved of all liability at trial.  This appeal requires us to determine whether, under Mississippi law, the contractual agreement between Wal-Mart and Qore permits for an award of attorney's fees, and if so, whether the district court's $810,000 fee award was an abuse of discretion.

I

Wal-Mart hired three firms to assist with the design and construction of a new store in Starkville, Mississippi. The land on which the store was to be built contained a layer of clay just below the surface that was prone to expand when subjected to moisture. Wal-Mart retained a geotechnical services firm, Qore, Inc., to investigate the land and provide a design that would allow for construction on the site. Under this agreement ("the geotechnical services contract"), Qore furnished a preliminary design for preparation and construction of a subsurface base—a buffer of fill-type material placed between the expansive clay and the surface—that would protect against any problems due to the clay and ensure a minimum design life of twenty years for the buildings and pavement placed on the surface.

At the same time, Wal-Mart retained a civil engineering firm, Sain Associates, Inc. ("Sain"), to provide a critical appraisal of Qore's design and recommendations. If Sain was satisfied with the design, it was to prepare the final plans and specifications to be used for site preparation, including the subsurface grade and base, as well as the final plans to be used in constructing the building and pavement (including the parking areas).

Lastly, Wal-Mart retained a general contractor, Shannon, Strobel & Weaver Construction & Engineers, Inc. ("SSW"), to actually construct the building and pavement as specified by Sain's plans. By separate agreement ("the testing and inspection contract"), Wal-Mart retained Qore to serve as the testing and inspection firm during construction to make sure that the plans and specifications prepared by Sain were followed.

Two and a half years after all parties finished their work and the new store opened, Wal-Mart began observing signs of stress and failure within the building and parking lot. Wal-Mart sued all three contracting firms for breaches of contract and negligence, seeking over $11.8 million in damages—$5.35 million

for the cost of repairing the building and parking lot, and $6.5 million for the diminished value of the new building.

After a twelve-day trial, the district court charged the jury with assessing liability and damages in three categories: damage to the building, damage to the parking lot, and diminution in the building's value. On the issue of damage to the building, the jury found Qore and SSW both liable, assigning 10% of fault to Qore and 90% of fault to SSW. The jury awarded damages in the amount of $486,000 on this issue. Qore was responsible for $48,600 of this amount.

For damage to the parking lot, the jury found SSW 50% liable and Wal-Mart 50% liable. The jury awarded Wal-Mart approximately $1.6 million in damages here. Discounting for Wal-Mart's contributory negligence, SSW was responsible for roughly $797,500 of the total damages award on this claim.

And on the issue of diminution in building value, the jury found that none of the three contracting firms were liable, and thus, no damages were awarded in this category.

The jury rejected all claims of liability brought against Sain. The jury also determined that Qore's 10% liability on the building repair claim was attributable entirely to its work performed under the testing and inspection contract. The jury attributed no fault to Qore for its work completed under the geotechnical services contract.

Both of the contracts between Wal-Mart and Qore discussed attorney's fees. The geotechnical services contract provided that: "Each party shall bear its own expenses of litigation (including without limitation attorneys' fees), without regard to which is the prevailing party." But the testing and inspection contract included an indemnification clause that covered attorney's fees:

> The Testing and Inspection Firm [Qore] further agrees to indemnify and hold Wal-Mart free and harmless from any claim, demand, loss, damage, or injury (including Attorney's fees) caused by any negligent act or omission by the Testing and Inspection Firm, its agents, servants, or employees.

No. 10-60266

This contract provision is the focal point in this appeal.

By post-trial motion, Wal-Mart sought to recover from Qore all its attorney's fees incurred in this litigation—on all claims, successful and unsuccessful, and against all parties—which amounted to $990,000. In ruling on the motion, the district court opined that "[i]t might appear . . . [that] attributing the entirety of that $990,000 to Qore, who is only liable for $48,600 in damages is unreasonable. However, attributing the whole of the reasonable attorney's fees to Qore is supported by Fifth Circuit case law."[1] The district court granted Wal-Mart's request for attorney's fees, but reduced the award to $810,000 by adjusting the lodestar rate and reducing for some excessive billing. This appeal followed.

## II

Qore asks us to vacate the district court's fee award on three grounds. First, it argues that the indemnity provision at issue does not apply in this first-party dispute between Wal-Mart and Qore, but is instead limited to claims brought against Wal-Mart by third parties. Second, Qore claims that Mississippi law precludes an award of attorney's fees because Wal-Mart did not present competent evidence by which to allocate its fee request between successful and unsuccessful claims. Third, Qore maintains that the district court erred in holding it liable for the entirety of Wal-Mart's attorney's fees for all matters related to this litigation.[2] We note that Qore's second and third assignments of error present the same basic question: whether, under the facts presented here,

---

[1] Here, the court was referring to our decision in *Cobb v. Miller*, 818 F.2d 1227 (5th Cir. 1987), a case involving the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988. As discussed below, the parties dispute whether *Cobb* applies in this private contract dispute.

[2] Qore makes three arguments in support of this last claim: (1) the award erroneously included Wal-Mart's litigation fees for pursuing claims under the geotechnical services contract, which expressly precluded recovery of attorney's fees; (2) the award included Wal-Mart's attorney's fees for time spent pursuing a claim that the jury found was 50% attributable to Wal-Mart's own negligence, which is prohibited by Mississippi law; and (3) the award makes no adjustment for the relatively modest result obtained by Wal-Mart.

4

Wal-Mart's recovery of attorney's fees should be limited to those claims upon which it prevailed against Qore at trial.

## A

The district court's interpretation of a contract is a question of law that we review de novo. *See A & F Props., LLC v. Madison Cnty. Bd. of Supervisors*, 933 So. 2d 296, 301 (Miss. 2006); *Nolan v. Golden Rule Ins. Co.*, 171 F.3d 990, 992 (5th Cir. 1999). In conducting our review, we examine the record independently and under the same standards that guided the district court. *See Nolan*, 171 F.3d at 992. "This broad standard of review includes the initial determination of whether the contract is ambiguous." *Am. Totalisator Co. v. Fair Grounds Corp.*, 3 F.3d 810, 813 (5th Cir. 1993).

In this diversity case, where Mississippi law supplies the rule of decision, "[s]tate law controls both the award of and the reasonableness of fees awarded." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Thus, we review the district court's award of attorney's fees for an abuse of discretion, "such as misapplication of the law or an unreasonable decision in light of the alternatives." *Cruse v. Nunley*, 699 So. 2d 941, 944 (Miss. 1997); *see also Deer Creek Constr. Co. v. Peterson*, 412 So. 2d 1169, 1173 (Miss. 1982) ("We will not reverse the trial court on the question of attorney's fees unless there is a manifest abuse of discretion in making the allowance."). The district court's discretion "must be exercised within the bounds of applicable state law, and fee awards which contravene state law cannot be upheld on appeal." *Shelak v. White Motor Co.*, 636 F.2d 1069, 1072 (5th Cir. 1981). The court's conclusions of law underlying the fee award are reviewed de novo. *See Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 297 (5th Cir. 2007).

## B

Qore contends that the indemnity provision in the testing and inspection contract only applies to actions brought against Wal-Mart by independent third-parties. Relying on common law indemnity rules, Qore argues that the provision

does not authorize an award of attorney's fees in this first-party dispute between Wal-Mart and Qore. Qore acknowledges that in Mississippi parties can contract for broader indemnity rights than those encompassed by common law indemnity rules, but it argues that the parties did not do so here. In response, Wal-Mart maintains that the plain language of the indemnity provision provides for those attorney's fees incurred in any case, whether brought by one of the contracting parties or otherwise, to the extent that Qore's negligence precipitated the underlying suit. The district court applied a plain reading of the testing and inspection contract and found that, as a threshold matter, it allowed for recovery of Wal-Mart's reasonable attorney's fees. We agree.

Under Mississippi law, where the words of a contract are clear and explicit and lead to no absurd consequences, the intent of the parties must be sought within the four corners of the document and cannot be explained or contradicted by extrinsic evidence. *See Madison Cnty.*, 933 So. 2d at 301. "Only if the contract is unclear or ambiguous can a court go beyond the text to determine the parties' true intent." *Royer Homes of Miss., Inc. v. Chandeleur Homes, Inc.*, 857 So. 2d 748, 752–53 (Miss. 2003). Mere disagreement about the meaning of a contract provision does not make it ambiguous as a matter of law. *See Cherry v. Anthony, Gibbs, Sage*, 501 So. 2d 416, 419 (Miss. 1987).

Here, an objective reading of the testing and inspection contract's indemnity provision is sufficient to resolve this claim. The contract provides that:

> The Testing and Inspection Firm [Qore] further agrees to indemnify and hold Wal-Mart free and harmless from any claim, demand, loss, damage, or injury (including Attorney's fees) caused by any negligent act or omission by the Testing and Inspection Firm, its agents, servants, or employees.

Under this provision, Qore agrees to indemnify Wal-Mart, *inter alia*, for any loss, including attorney's fees, caused by Qore's negligence in performing work under the contract. As the district court explained, there is a jury finding that Qore

was negligent, that that negligence caused "loss, damage, or injury" to Wal-Mart, and that Wal-Mart was forced to sue Qore to recover.  Whether the amount of attorney's fees generated by the litigation and awarded by the district court is erroneous is a secondary question, which we address next.  But on the threshold question of whether attorney's fees were permitted in this first-party dispute, we find, like the district court, that the testing and inspection contract's plain language allowed for recovery of attorney's fees here.

The district court analyzed three Mississippi cases in deciding this issue. *See Turner v. Terry*, 799 So. 2d 25 (Miss. 2001); *Morgan v. U.S. Fid. & Guar. Co.*, 191 So. 2d 917 (Miss. 1966); *Cain v. Cain*, 967 So. 2d 654 (Miss. Ct. App. 2007). Each case involved the question now before us: whether the parties had expressly contracted for recovery of attorney's fees in first-party indemnity actions.  Wal-Mart and Qore dispute the persuasive value of each case, with good cause: these appear to be the only Mississippi cases to have addressed this question.  But the case law provides little help here, given that *Turner*, *Morgan*, and *Cain* construed contract language quite different than the indemnity provision in the testing and inspection contract.  We agree with the district court that the language at issue here is more akin to that considered in *Turner* and *Morgan* than in *Cain*, but this is incidental.  Because we find that the plain language of the testing and inspection contract allows for recovery of attorney's fees, we need not conduct an extended case analysis other than to note that no Mississippi case governs.

Qore invites our attention to the indemnity provision in the geotechnical services contract and argues that the differences between the indemnity clauses in the two contracts shed light on how the testing and inspection contract should be interpreted.  Applying Mississippi law, however, we will only turn to the discretionary "canons" of contract construction if the contract is unclear or ambiguous.  *See Pursue Energy Corp. v. Perkins*, 558 So. 2d 349, 352 (Miss. 1990).  Because there is nothing unclear or ambiguous about the indemnity

provision at issue here, or that otherwise suggests it should be limited to third-party claims, we will not look beyond the testing and inspection contract to determine the parties' intent.

## C

Next, Qore contends that in light of Wal-Mart's multiple claims against multiple parties, only one of which was successful as to Qore, the district court's fee award should be vacated because Wal-Mart failed to present competent evidence by which to allocate its legal fees among successful and unsuccessful claims as required by Mississippi law. Specifically, Qore complains that the district court's $810,000 fee award erroneously reimburses Wal-Mart for its attorney's fees incurred in pursuit of claims:

- against SSW and Sain (which the jury found not liable on any claim);

- for damages that the jury later attributed to Wal-Mart's own negligence (on the damage-to-the-parking-lot claim);

- on the damage-to-the-parking-lot and diminution-in-building-value claims (for which the jury found Qore not liable); and

- for negligent design under the geotechnical services contract (which explicitly barred the recovery of attorney's fees).

Qore maintains that Wal-Mart's recovery is limited to those fees incurred in prosecuting the single claim upon which it prevailed against Qore, i.e., fees spent proving Qore's fractional share of liability on the building repair claim, and that Wal-Mart's attorney's fees on the matters described above are not recoverable as a matter of state law.

In Mississippi, attorney's fees may only be awarded where provided for by contract or statute, or where the losing party's conduct was outrageous enough to warrant punitive damages. *See Warren v. Derivaux*, 996 So. 2d 729, 739 (Miss. 2008). "The fixing of reasonable attorney's fees is a matter ordinarily left within the sound discretion of the trial court . . . ." *Gilchrist Tractor Co. v. Stribling*, 192 So. 2d 409, 418 (Miss. 1966). The award "must be supported by

credible evidence, however, and may not be plucked out of the air." *Young v. Huron Smith Oil Co.*, 564 So. 2d 36, 40 (Miss. 1990) (citing *Carter v. Clegg*, 557 So. 2d 1187, 1192–93 (Miss. 1990)); *see also Romney v. Barbetta*, 881 So. 2d 958, 962 (Miss. Ct. App. 2004) (although "a case [may be] appropriate for the award of attorney's fees, the actual award of attorney's fees is still dependent upon specific proof"). "When a party fails to present competent evidence to determine attorney's fees, the award may be denied." *Romney*, 881 So. 2d at 962.

## 1

In *Hopton Building Maintenance, Inc. v. United Parcel Service, Inc.*, the Mississippi Supreme Court considered an indemnity provision that required one defendant (Hopton) to indemnify another defendant (UPS) with respect to all "claims, liabilities, loss and expense of any liability imposed by law." 559 So. 2d 1012, 1013 (Miss. 1990). In *Hopton*, after the plaintiff's personal injury suit was tried and resulted in a verdict for the defendants, the trial court granted UPS's post-trial motion for attorney's fees—to be paid by Hopton pursuant to the indemnity provision. *Id.* Applying the common law indemnity requisite that "there must be legal liability before a claim of indemnity arises," *id.*, the *Hopton* court reversed, finding that because both defendants prevailed in the case, UPS was never faced with any claim or liability "imposed by law," and thus, was not entitled to indemnification for its expenses incurred in defending the suit, including attorney's fees. *Id.* at 1014.

Here, the attorney's fee provision in the testing and inspection contract entitled Wal-Mart to reimbursement for those attorney's fees "caused by any negligent act or omission" on the part of Qore in performing work under the contract. Qore's duty to reimburse Wal-Mart for its reasonable attorney's fees was limited accordingly to those fees proximately and legally "caused by" Qore's negligence, and the matter of causation could only be addressed once the jury made findings on the issue of Qore's negligence. Until then, Qore's legal liability remained latent for indemnification purposes. *See Hopton*, 559 So. 2d at 1013

("[T]here must be legal liability before a claim of indemnity arises."). Because Wal-Mart's indemnification rights were derivative of Qore's negligent acts or omissions, i.e., the fault allocated to Qore on the building repair claim, Qore is only liable for the reasonable attorney's fees Wal-Mart incurred in enforcing those rights. All other fees were not "caused by" Qore within the meaning of the testing and inspection contract, and could not be awarded thereunder.[3] Wal-Mart's recovery should have been limited to those attorney's fees incurred in proving Qore's liability on the building repair claim.

Wal-Mart relies on *Mauck v. Columbus Hotel Co.* for the proposition that, in Mississippi, a party seeking indemnity for attorney's fees is entitled to recover those fees incurred while proceeding against third parties "entangled in the litigation." *See* 741 So. 2d 259, 273 (Miss. 1999). But *Mauck* announced no such standard, and no court has interpreted it in this way.

In *Mauck*, the Columbus Hotel Company ("lessor" or "Columbus") brought an action in contract against Mauck and others ("the lessees") for breach of a long-term lease agreement. *See* 741 So. 2d at 263. The agreement provided that

---

[3] The Court of Appeals of Mississippi has twice written on this issue on similar facts. In *A & F Properties, LLC v. Lake Caroline, Inc.*, 775 So. 2d 1276 (Miss. Ct. App. 2000), the court was faced with a contract provision covering attorney's fees. After determining that "the parties were entitled only to the fees for enforcing the specific contract provisions on which they prevailed," the court reversed and rendered the jury's award of attorney's fees because "[n]either bill was itemized in a way to determine *what charges were billed on each issue*." *Id.* at 1283 (emphasis added). Finding this lack of evidentiary specificity inadequate as a matter of law, the court set aside the jury's fee awards. *Id.*

In *Industrial and Mechanical Contractors of Memphis, Inc. v. Tim Mote Plumbing, LLC*, 962 So. 2d 632 (Miss. Ct. App. 2007), the Court of Appeals again addressed a contract dispute in which the court found that the attorney's fee clause entitled the moving party "to reimbursement only for fees incurred enforcing the claim upon which it prevailed." *Id.* at 639. The court looked to whether the record contained sufficient evidence to distinguish reimbursable from non-reimbursable fees and found that it did not: "None of the [proffered] items describe the nature of the attorney's fees in such a way that we can determine *which expenses relate to which claims*." *Id.* (emphasis added). The Court of Appeals found that the movant's failure of proof barred any award of attorney's fees.

We remand to the district court to determine the sufficiency of Wal-Mart's evidence in support of its attorney's fee request.

upon breach, the lessees would be responsible for "all expenses occasioned by [lessor] by reason of [lessees'] breach, including reasonable attorney's fees." *Id.* at 273. Shortly after the suit was filed, two of the lessees' creditors intervened to protect their security interests in the lease, which they had acquired from the lessees. *Id.* at 263, 273. After a trial, the chancellor found that the lessees had, in fact, breached the lease agreement. *Id.* at 263. Later, Columbus moved for expenses and attorney's fees, including those fees dedicated to litigating against the two intervenors. *Id.* at 272.

After noting that Columbus would not have had to litigate against the third party intervenors had it not been for the lessee's breach of contract, the *Mauck* court held that Columbus was entitled to recover its attorney's fees for litigating against them. *Id.* at 273 ("[I]t is clear that but for [the] breach there would have been no need for [Columbus] to become entangled in the litigation with" the intervenors.). But the Mississippi Supreme Court did not announce an "entanglement in the litigation" standard in *Mauck*, as Wal-Mart suggests. To the contrary, *Mauck*'s end result was based on the lease agreement itself, which explicitly allowed Columbus to recover "all expenses occasioned by reason of [lessee's] breach, including reasonable attorney's fees." *Id.* at 273 ("The contract right to recover . . . includes those costs incurred in defending against the intervenors as a result of the [lessees'] breach."). The contract language in *Mauck* was far broader than the indemnity provision at issue in this case.

## 2

In ruling on Wal-Mart's motion for attorney's fees, the district court opined that "[o]n the surface it appeared Wal-Mart had overreached in bringing so many claims against three different parties. However, deeper reflection shows that a small claim against Qore could not have been brought without this larger production." The court then explained why, under our decision in *Cobb v. Miller*, 818 F.2d 1227 (5th Cir. 1987), a reduction in fees on account of Wal-Mart's several unsuccessful claims was not required:

> Where different claims can easily be separated plaintiffs should only recover attorney's fees for successful claims. Under Fifth Circuit law attorney's fees should not be reduced to a *pro rata* share where there are multiple defendants and interlocking claims that can not be easily separated. [citing *Cobb*, 818 F.2d at 1234.]

> In this case the court finds that the claims can not be easily separated. . . . The damages to one part of the property are inherently linked to damages to the adjoining parts of the property. As such, the court finds the two claims unsuccessfully brought against Qore do not create the need to reduce the damages award.

This case differs from *Cobb* in meaningful ways, however.

First, Qore was found not liable on two of three claims submitted to the jury. Therefore, the relevant question is whether these claims were inextricably tied to the one claim for which Qore was found liable, such that the district court was within its discretion in choosing not to partition attorney's fees among Wal-Mart's successful and unsuccessful claims.[4] *Compare Cobb*, 818 F.2d at 1233 ("[T]he claims against the different defendants do not arise from a course of conduct that is easily differentiated on the basis of each defendant."), *with id.* at 1234 n.10 ("We express no opinion on the propriety of reducing an attorney's fees award based upon the number of defendants liable where each defendant's course of conduct can be easily differentiated."). We find that Wal-Mart's successful and unsuccessful claims were readily capable of partition for fee award purposes.

Wal-Mart's attorney's fees could have been easily segregated along two lines: those fees incurred in proving liability relating to planning and design, and those fees dedicated to proving liability relating to construction. Only Sain and Qore were involved in planning and designing the Starkville store. The jury found Sain not liable on any claim in this case, and Qore's work at the planning and design stage was performed under the geotechnical services contract, for

---

[4] Whether Wal-Mart's successful and unsuccessful claims were inextricably tied is a question of fact.

which the jury also found no fault.  By comparison, the jury's liability findings related to the store's construction, where SSW and Qore were the only two defendants involved.  Qore's work at this stage of the project was, of course, governed by the testing and inspection contract.  Wal-Mart's successful and unsuccessful claims were not so interwoven that the district court could not have differentiated among Wal-Mart's attorney's fees incurred in prosecuting the various claims and defendants.  The district court clearly erred in finding otherwise.

Second, *Cobb* involved a fee award under the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988, which authorizes courts to award reasonable attorney's fees to prevailing parties in any action to enforce provisions of the federal civil rights laws.  *See Cobb*, 818 F.2d at 1230.  As the Supreme Court has recognized repeatedly, § 1988 carries particular legislative intent to encourage private enforcement.  *See, e.g., Fox v. Vice*, No. 10-114, 563 U.S. __, 2011 U.S. LEXIS 4182, at *53–54 (June 6, 2011) ("When a plaintiff succeeds in remedying a civil rights violation, . . . he serves as a private attorney general, vindicating a policy that Congress considered of the highest priority.") (internal quotation marks and citation omitted); *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986) ("Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms."); *Hensley v. Eckerhart*, 461 U.S. 424, 444 n.4 (1983) ("[T]he public as a whole has an interest in the vindication of rights conferred by the statutes enumerated in § 1988, over and above the value of a civil rights remedy to a particular plaintiff.") (Brennan, J., concurring in part and dissenting in part).  Our holding in *Cobb*, where we awarded the § 1988 plaintiffs–appellants enhanced attorney's fees, was predicated on this legislative intent.  *See* 818 F.2d at 1233–35.  But *Cobb* has no application in this private claim for attorney's fees sounding in Mississippi contract law.  The district court's reliance on *Cobb* in

informing the court's fee award calculus was error; the court's award cannot stand.  *See Shelak*, 636 F.2d at 1072.

## III

Having found that the testing and inspection contract was the only basis for an award of attorney's fees, we conclude that the district court's fee award was an abuse of discretion.  We VACATE the award of attorney's fees and REMAND for further proceedings consistent with this opinion.